IRVING, J.,
for the court.
¶ 1. William Robert Sheppard was found guilty by a DeSoto County jury of felony driving under the influence. Feeling aggrieved, he has appealed and argues that the trial judge’s refusal to grant a mistrial was an abuse of discretion, and that reversible error occurred as a result of the trial judge’s refusal to grant a new trial or judgment notwithstanding the verdict.
FACTS
¶ 2. On November 20, 1999, Officer Shannon Beshears of the City of Horn Lake Police Department was traveling northbound on Tulane Street in Horn Lake, Mississippi. While driving, he observed a blue and white pickup truck traveling at a high rate of speed southbound on Tulane. A basketball goal was in the back of the truck and was thrown out of the truck as it turned on a curvature on the road. Officer Beshears turned on his blue fight to signal the truck to stop. The officer stopped the vehicle and approached the window. As the officer leaned into the truck window, he smelled alcohol.
¶ 3. The officer requested that the driver give his license and exit the vehicle. The driver was identified as William Robert Sheppard. Upon Sheppard’s exiting the truck, the officer asked him whether he suffered from any physical impairments. Sheppard responded, “No.” During this time, Officer Beshears continued to smell alcohol on Sheppard’s breath. The officer then instructed Sheppard to perform a series of tests designed to determine whether a person is under the impairment *745 of alcohol or drugs. During the walk and turn test, Sheppard failed to keep his balance and consistently broke his heel to toe stance. Additionally, Sheppard performed a one leg stand test in which he constantly put his leg down to maintain balance.
¶ 4. After Sheppard faltered during these tests, Officer Beshears arrested Sheppard and took him to the police department where the officer administered a Breathalyzer test. Sheppard registered .152.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Denial of Motion for Mistrial

¶ 5. Sheppard asserts that the trial court erred in denying his motion for a mistrial after one of the chosen jurors failed to return to the jury box in a timely manner. On the day of trial, and before the jurors were sworn in, the trial judge discovered that juror number eighty was absent. At that time, this colloquy took place between Sheppard’s counsel and the judge:
BY THE COURT: When we went out there to put the jury in the panel, we find that one of the jurors that had been picked is not here. If she arrives before we actually start in the next few minutes, then she will go on the panel. But just in case, we need to go ahead and pick another juror. An alternate has already been accepted. I would suggest, unless there is some objection, that she be made the juror and we go pick another alternate in case 80 does not show up. Do you have any objection to that, Mr. Watson?
BY MR. WATSON: No, sir, Your Hon- or.
BY THE COURT: Tell me if you do. Would you rather 80 not be an actual juror? ■ Do you know anything about her? I will certainly give you an opportunity to strike her if you have a problem with her being an actual juror.
BY MR. WATSON: I don’t have a problem with 80 being a juror.
BY THE COURT: No. I’m not talking about 80. I’m talking about 117, the alternate 117.
' BY MR. WATSON: No, sir. She’s acceptable as a juror.
[[Image here]]
BY THE COURT: Anybody got any objections to 128?
BY MR: COUCH: No.
BY MR. WATSON: No, sir.
BY THE COURT: So 128 would now be the alternate, and 117 would be the juror, unless 80 comes walking in. -
BY MR. WATSON: That’s what I was going to say, Your Honor. If 80 shows up, she’s on, right?
BY THE COURT: She’s on if she shows up before we start, which is going to be in like two minutes.
BY MS. DARNELL: Please stand and raise your right hand. “Do each of you solemnly sear or affirm that you will truly try all issues and execute all writs of inquiry that may be submitted to you by the Court during the present term and true verdicts given accordingly to the evidence, so help you God?”
BY THE TRIAL JURY: (In Unison) I do.
At this point in the proceedings, juror number eighty entered the courtroom but was not seated on the jury panel. Because the trial judge refused to seat the juror, Sheppard’s counsel moved for a mistrial which was promptly denied by the trial judge. Sheppard asserts that the trial *746 judge abused his discretion when he failed to grant the mistrial.
¶ 6. A trial judge’s denial of a motion for mistrial will only be disturbed where an abuse of discretion exists. Madere v. State, 794 So.2d 200, 219(¶ 74) (Miss.2001). In the case sub jvdice, no abuse of discretion existed because all parties agreed that juror eighty would be replaced if that juror failed to return in time. Moreover, we can hardly find reversible error in a case where defense counsel approves of both alternate jurors, one of which replaced the juror in question.

2. Denial of Post Trial Motions

¶ 7. Sheppard asserts in a single issue heading that the trial court erred in denying his motion for a new trial and his alternative motion for a judgment notwithstanding the verdict. However, he only discusses the evidence in light of the standard of review for a denial of a motion for judgment notwithstanding the verdict. Since a different standard of review apply to these two motions, we discuss them separately.
¶ 8. When reviewing at trial court’s denial of a motion for a JNOV, we must consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences which may be reasonably drawn from the evidence and reverse and render where the facts point so overwhelmingly in favor of the appellant that reasonable persons could not have found the defendant guilty. Baker v. State, 802 So.2d 77 (¶ 13) (Miss.2001). However, we must affirm where there is substantial evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions. Id.
¶ 9. Sheppard contends that his motion for JNOV should have been granted because the results of the Breathalyzer could be inaccurate. Sheppard supports this assertion by noting that Officer Beshears could not observe the appellant’s mouth while en route to the police station and Sheppard could have belched or regurgitated which would have made the Breathalyzer results incorrect.
¶ 10. Although Officer Beshears did state that a Breathalyzer test should not be administered to any person within twenty minutes after regurgitating or consuming any substance, Sheppard stated that he never took his eyes off of Sheppard while en route to the police department. Specifically, Officer Beshears testified that “[t]he defendant was observed by me completely the entire time from the time he stepped from his vehicle until the time that he blew into the Intoxilizer 5000. At no time did he have anything placed in his mouth. He had no cigarettes, no gum, no water or anything in his mouth the entire time.” The foregoing testimony proves that this argument lacks merit.
¶ 11. As previously observed, Sheppard also contends that the trial court erred in denying his motion for a new trial. When reviewing a denial of a motion for a new trial, this Court must determine whether the verdict was against the overwhelming weight of the evidence. Id. at (¶ 14). In doing so, we must accept as true the evidence which supports the verdict and will reverse only where there has been an abuse of discretion. Id. The verdict will only be disturbed and a new trial granted in cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Id.
¶ 12. Our allowing the verdict to stand here would not render an unconscionable injustice in this case. Officer Beshears’s testimony was the only testimony heard by the jury. Therefore, accepting as true the *747 evidence which supports the verdict, we must accept Officer Beshears’s testimony. From his testimony, the jury apparently deduced that Sheppard was pulled over for speeding in his truck, that Sheppard smelled of alcohol that he had consumed, that this consumption impaired his abilities to pass the tests given by the officer, and ultimately caused him to register a .152 on the Breathalyzer, well over the statutory limit for driving under the influence of alcohol. This issue lacks merit. We affirm the trial court in all particulars.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE OF ALCOHOL AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO AND ONE HALF YEARS SUSPENDED AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J„ NOT PARTICIPATING.